## (March 31, 1959)

THERESA BERGER, Respondent, v. NATHAN BERGER, Appellant.

RABIN, J. (dissenting). I dissent and vote to reverse the order appealed from. After plaintiff had entered a judgment for $8,600 against defendant for arrears under a judgment of separation, the parties entered into the written agreement which is involved on this appeal. In that agreement, in exchange for the defendant's promise to pay the sum of $3,000 in the form of weekly payments of $20 for the support of the son, plaintiff agreed to give defendant a satisfaction of the $8,600 judgment. An executed satisfaction was placed in escrow to be delivered upon the payment of the sum of $3,000. That sum has been paid and now the defendant demands delivery to him of the satisfaction pursuant to the terms of the agreement.

At the outset, it should be noted that it is not here sought by defendant to enforce any arrangement whereby plaintiff gave up her claim to support. Where a wife does that improvidently, the courts will afford redress. Here

we are dealing with an agreement by the wife to cancel a money judgment. She chose to put her claim for arrears in the form of a judgment. With that judgment, she could do as she pleased and it is not against public policy to permit her to do so.

There is no merit to her claim that it was her understanding that in addition to the $20 weekly to be paid for the support of the son, it was contemplated that an additional $20 was to be given to her. The agreement was a formal written one and both parties were represented by competent counsel. Plaintiff never at any time urged that position when she complained about several defaults in the weekly payments. (As to her claim with respect to those defaults, they were unequivocally waived by her agreement to accept and her subsequent acceptance of payment of the sums due.)

Nor is there any substance to plaintiff's claim that the $3,000 was not paid under the agreement, but rather pursuant to a subsequent decree of divorce which was entered by her. It should be noted that in connection with the divorce she did not claim any money for herself, which is contrary to the position now taken as to what she understood. It is clear that the divorce provision for $20 per week for the support of her son was made in the furtherance of the agreement between the parties. That is apparent from the agreement itself. And even if it were not, she could not by her own act make it impossible for the husband to carry out the obligations which he assumed under the agreement and then try to profit thereby.

It is again pointed out that there is no question involved on this appeal as to a waiver by the plaintiff of her right to support, despite her relinquishment in the agreement of the support provision for herself and despite her failure to subsequently ask for such support in the divorce decree obtained by her. She is not without remedy if the circumstances are proper to compel defendant to support her. Here we are dealing solely with a money judgment in plaintiff's favor. As stated above, with respect to that judgment she could do as she pleased without interference by the court.

The order confirming the Referee's report and granting plaintiff's motion should be reversed and the defendant's cross motion for a direction that the satisfaction of judgment be delivered to him should be granted, without costs.

Botein, P. J., Breitel, Valente and McNally, JJ., concur in decision: Rabin, J., dissents in opinion and votes to reverse.

Order affirmed, with $20 costs and disbursements to the respondent.